UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

FLORENZO DIDONATO,

Plaintiff,

v.

WILLIAM GALVIN, Secretary of State, et al.,

Defendants.

CIVIL ACTION
NO. 04-10021-JLT

---

## STATE DEFENDANTS' MOTION TO DISMISS COMPLAINT AS MOOT

Pursuant to Fed. R. Civ. P. 12(b)(1), the state defendants Secretary of State and Clerks from the Election Office (Michelle Tassinari and Howard Hock) hereby move to dismiss the complaint as moot. In support thereof, the state defendants state that the only relief sought in the complaint–that plaintiff's name be placed on the ballot for Massachusetts' March 2, 2004 presidential primary ballot–can no longer be granted now that the primary has occurred.

"It is black-letter law that, in a federal court, justiciability requires the existence of an actual case or controversy. U.S. Const. art. III, § 2, cl. 1. Even if an actual case or controversy exists at the inception of litigation, a case may be rendered moot (and, therefore, subject to dismissal) if changed circumstances eliminate any possibility of effectual relief." Maine School Admin. Dist. No. 35 v. Mr. and Mrs. R., 321 F.3d 9, 17 (1st Cir.2003). Where the relief sought is injunctive in nature, "this ordinarily means that once the act sought to be enjoined occurs, the suit must be dismissed as moot." Id.

Here, with the occurrence of the primary on March 2, 2004, no effectual relief can be granted. The Court cannot enjoin the primary unless plaintiff's name is placed on the ballot,

because the primary has already occurred. The case is therefore moot and the complaint should

be dismissed as to the state defendants for lack of subject matter jurisdiction.

In the interests of judicial economy, the state defendants further note that the complaint

does not appear to contain any allegations against, or seek relief against, the remaining defendant

(Philip Johnston, as he is Chairman of the Democratic State Committee), and thus the remainder

of the complaint may be dismissible for failure to state a claim.

STATE DEFENDANTS WILLIAM FRANCIS
GALVIN, MICHELLE TASSINARI, AND
HOWARD HOCK

By their attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

Peter Sacks
Assistant Attorney General
Government Bureau
One Ashburton Place, Room 2019
Boston, Massachusetts 02108-1598
(617) 727-2200, ext. 2064
BBO No. 548548

## RULE 7.1(A) CERTIFICATE

I, Peter Sacks, Assistant Attorney General, counsel for the state defendants in the above-
captioned case, certify that on March 9, 2004,, prior to filing the present motion, I conferred with
the plaintiff pro se and attempted in good faith to resolve or narrow the issues.

Peter Sacks
Assistant Attorney General

Date:   March 9, 2004

H:\DiDonato\Mo Dismiss.wpd

2

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above
document was served upon the attorney of
record for each other party by mail (by hand)
on  3/9/04  .